UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ARLEY ROACH, | ) | Civ. 13-4146-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| BOB DOOLEY, and | ) | |
| MARTY J. JACKLEY, Attorney | ) | |
| General of the State of South | ) | |
| Dakota, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Arley Roach, an inmate at the South Dakota Penitentiary, filed a petition for relief under 28 U.S.C. § 2254 on January 17, 2013. Docket 4. The petition was referred to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings, including evidentiary hearings, and issuing a report and recommendation for the disposition of Roach's § 2254 application. Shortly thereafter, respondents Bob Dooley and Marty J. Jackley moved to dismiss Roach's habeas application on procedural grounds. Docket 8.

On March 28, 2014, Magistrate Judge Simko submitted his Report and Recommendation advising that respondents' motion to dismiss be granted and that Roach's petition for Writ of Habeas Corpus be denied. Docket 10. On

April 11, 2014, Roach filed a timely objection to the Report and Recommendation. Docket 11. For the reasons set forth herein, Magistrate Judge Simko's Report and Recommendation is adopted in its entirety.

## DISCUSSION

In their motion to dismiss, respondents asserted that Roach's habeas petition should be dismissed because the application contains claims that Roach has not exhausted his state court remedies. Docket 11. Without addressing the merits of Roach's claim, Magistrate Judge Simko concluded that because the application contains claims that have not been properly exhausted, the claim was procedurally defaulted. Docket 10. As a result, Magistrate Judge Simko recommended that this court grant respondents' motion to dismiss and deny Roach's petition. *Id.*

This court's review of a magistrate judge's decision is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Roach objects to Magistrate Judge Simko's finding that Roach's claim is procedurally defaulted because he failed to exhaust state court remedies. Docket 11. Roach contends that the magistrate judge, in making his

recommendation, failed to recognize that the state court's determination of Roach's untimely motion was in error. *Id.* Roach argues that there is cause because his filing of a motion for certificate of probable cause was timely. *Id.* More specifically, Roach argues that in failing to recognize the state's error, the magistrate judges' recommendation perpetuates the miscalculation of time by not factoring in the exclusion of weekends and holidays. *Id.* Roach contends that because the motion was made within thirty days, excluding weekends and holidays, it was timely.

In the instant case, Roach filed his petition for Writ of Habeas Corpus in state circuit court on September 26, 2013. Docket 9-3. The state circuit court denied his petition on November 4, 2013, because his claims were frivolous and not made in good faith. Docket 9-4. Additionally, the same court denied his request for a certificate of probable cause on November 4, 2013. Roach did not file his motion for a certificate of probable cause with the South Dakota Supreme Court until December 2, 2013, which was 28 days after the circuit court denied his motion for a certificate of probable cause. Pursuant to SDCL 21-27-18.1, Roach had **twenty** days from the date of the circuit court judge's refusal to file a motion for a certificate of probable cause with the South Dakota Supreme Court.

It appears that Roach confuses the time period to file an appeal with the time period to file a motion for a certificate of probable cause. Docket 11. Only

3

when the Certificate of Probable Cause has been issued by the circuit court does a petitioner have thirty days to file an appeal. *Faulks v. Weber*, 459 F.3d 871, 874 (8th Cir. 2006). Here, Roach could not file a direct appeal because a certificate of probable cause had not been issued. Therefore, the deadline to file a motion for a certificate of probable cause was twenty days.

Additionally, Roach contends that weekends and holidays are excluded in computing the period of time he had to file his motion. SDCL 15-6-6(a) provides that "[w]hen the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." In the instant action, the exclusion does not apply because the time period to file his motion with the South Dakota Supreme Court was greater than 11 days. Therefore, Roach's motion was untimely because it was made later than November 25, 2013, the last possible day he could have filed.

As Magistrate Judge Simko noted, because Roach failed to timely seek a certificate of probable cause, Roach's December 30, 2013, petition is procedurally defaulted. A district court may not consider the merits of a procedurally defaulted claim where the state court did not address the merits because petitioner failed to follow applicable state procedural rules when raising the claim. *Ruiz v. Norris*, 71 F.3d 1404, 1409 (8th Cir. 1995). If the petitioner shows cause for the default and actual prejudice, however, the court

may consider its merits. *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992). Because Roach has not shown cause for his default, the court will not consider the merits of Roach's petition. Additionally, as Magistrate Judge Simko noted, Roach failed to respond to respondents' motion to dismiss and Roach's "pro se status and lack of familiarity with the intricacies of the law cannot alone constitute cause." *McKinnon v. Lockhart*, 921 F.2d 830, 832, n.5 (8th Cir. 1990) *cert. denied*, 501 U.S. 1208 (1991). Because Roach has not shown cause for his default, the court will not explore prejudice. Accordingly, it is

ORDERED that Magistrate Judge Simko's report and recommendation (Docket 10) is adopted. Respondents' motion to dismiss (Docket 8) is granted, and Roach's petition for Writ of Habeas Corpus (Docket 1) is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated July 7, 2014.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE